1  CHRISTOPHER J. COX, Bar No. 151650
   Email: chris.cox@weil.com
2  WEIL, GOTSHAL & MANGES LLP
   201 Redwood Shores Parkway
3  Redwood Shores, CA 94065
   Tel: (650) 802-3000
4  Fax: (650) 802-3100

5  Attorneys for Defendants
   PANASONIC CORPORATION AND
6  PANASONIC CORPORATION OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Innovus Prime LLC | Case No. 12-0660 RMW |
|---|---|
| Plaintiff | **DECLARATION OF TETSUYUKI WATANABE IN SUPPORT OF DEFENDANTS PANASONIC CORPORATION AND PANASONIC CORPORATION OF NORTH AMERICA'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Panasonic Corporation Panasonic Corporation of North America | |
| Defendants. | |

**DECLARATION Of Tetsuyuki Watanabe**  Case No. 12-0660 RMW

TETSUYUKI WATANABE declares:

1. I am the Director of the Licensing Center of the Intellectual Property Rights Operations Company of Panasonic Corporation ("Panasonic"). As the Director of the Licensing Center, part of my responsibilities is the licensing of patents by Panasonic. I make this declaration from my own personal knowledge and could competently testify to the facts discussed herein. I am the person at Panasonic most knowledgeable about the facts and circumstances described below.

2. Panasonic, which was formerly known as Matsushita Electric Industrial, Co. Ltd. is a multinational corporation incorporated under the laws of Japan in 1918. Panasonic maintains its principal place of business in Osaka, Japan, and focuses its global operations on the manufacture and distribution of various electronic products. One of Panasonic's subsidiaries is Panasonic Corporation of North America, which was organized under the laws of Delaware in 1959 and maintains its principal place of business in New Jersey.

3. Panasonic entered into an agreement with N.V. Philips Gloeilampenfabrieken ("Philips"), which currently does business under the name Koninklijke Philips Electronics N.V., on December 20, 1982 (the "1982 Agreement"). The 1982 Agreement bound not only Panasonic and Philips but also each party's "subsidiaries and otherwise controlled affiliates." A true and correct copy of the 1982 Agreement is attached hereto as Exhibit 1.

4. Under the terms of the 1982 Agreement, both Panasonic and Philips agreed not to assert their patents against the other party or its subsidiaries with respect to the use of such patents in "all kinds of audio and video products." The products encompassed by the 1982 Agreement's term "audio and video products" include not only televisions and other video products but also the components of such products.

5. Panasonic's rights under the 1982 Agreement cover Philips' and its subsidiaries' patents filed or entitled to a priority date prior to the termination of the 1982 Agreement. See Ex. 1 at 2. Panasonic's rights continue for the full lives of the covered patents, regardless of when the 1982 Agreement terminated. The 1982 Agreement terminated on January 1, 2005 as a result of Philips' representative Arie Westernlaken providing notice by letter

**DECLARATION OF Tetsuyuki Watanabe**         1                    Case No. 12-0660 RMW

of October 22, 2003 to Panasonic's representative Osamu Yamazaki.

6. Based upon the 2005 termination, the scope of the patent rights granted to Panasonic under the 1982 Agreement covered all Philips and its subsidiaries' patents filed or entitled to a priority date prior to January 1, 2005. The termination of the 1982 Agreement did not affect these patent rights, which continued through the full term of the patents. Thus, Panasonic continues to enjoy the right to practice Philips and its subsidiaries' pre-2005 patents for its audio and video products.

7. On March 29, 2007, Panasonic and Philips entered into an agreement (the "2007 Agreement"), which I helped negotiate. The 2007 Agreement does not narrow or limit either the scope of Panasonic's rights to practice the Philips patents under the 1982 Agreement or the products covered by the 1982 Agreement, including televisions and other video products. The 2007 Agreement clarifies that the 1982 Agreement's definition of "video products" was broad enough to cover six product categories developed during the intervening years: mobile phones, digital still cameras, car navigation systems, optical devices, personal computers, and facsimiles. A true and correct copy of the 2007 Agreement is attached hereto as Exhibit 2.

8. Under the terms of the 1982 Agreement, Philips agreed not to assert any of Philips or its subsidiaries' pre-2005 patents, for the life of such patents, against Panasonic with respect to "all kinds of audio and video products" as defined by the 1982 Agreement. U.S. Patent No. 5,280,350 (the "'350 Patent") was issued to Philips' subsidiary U.S. Philips Corporation on January 18, 1994. The '350 Patent is therefore covered by the 1982 Agreement, and Philips accordingly agreed not to assert that patent, for the life of that patent, against Panasonic that are relevant to "all kinds of audio and video products."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 26, 2012 in Osaka, Japan.

_____
Tetsuyuki Watanabe